# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE PURNELL,<br><br>          Plaintiff,<br><br>    v.<br><br>EQUIFAX INC., *et al.*,<br><br>          Defendants. | Case No. 1:17-cv-00393-DAD-EPG<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF PLAINTIFF'S CASE FOR FAILURE TO PROSECUTE** |

      On March 17, 2017, Defendant Trans Union LLC removed this case from Fresno County Superior Court. (ECF No. 3.) The Court set an initial scheduling conference in the case for June 13, 2017. (ECF No. 6.) The parties were instructed that attendance at the scheduling conference was mandatory. Plaintiff reviewed and approved the parties' joint scheduling report, which denotes the time and date of the scheduling conference on its front page, before it was filed. (ECF No. 19.)

      Plaintiff and Defendant Equifax, Inc. did not appear at the scheduling conference. The Court issued an Order to Show Cause why sanctions should not issue. (ECF No. 20.) The parties were warned that a failure to respond to the Order to Show Cause could lead to the sanctions, including monetary sanctions or dismissal of the case. The parties were also instructed to appear at an order to show cause hearing on June 22, 2017.

      Defendant Equifax, Inc. responded to the Order to Show Cause and provided a

satisfactory explanation for its absence. (ECF No. 21.) Defendant Equifax, Inc. also appeared at the order to show cause hearing.

Plaintiff, however, did not respond to the Order to Show Cause, nor did she appear at the hearing.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal." *Thompson v. Housing Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

To determine whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Henderson*, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because the case has been pending since January 31, 2017, the date it was filed in Fresno County Superior Court. Following the settlement and dismissal of a single defendant, however, Plaintiff has shown no interest in participating in the litigation any further. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir.

2

1976). The fourth factor, public policy favoring disposition of cases on their merits, is outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. The Court's Order to Show Cause stated that the case could be dismissed if Plaintiff failed to respond to the Order to Show Cause. (ECF No. 20.) Moreover, there are few sanctions that could compel Plaintiffs to prosecute an action that they are simply uninterested in pursuing, particular at this early stage of litigation.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiffs' failure to prosecute the action, to appear, and comply with the Court's orders of March 17, 2017 and June 13, 2017.

IT IS FURTHER ORDERED that the Order to Show Cause with respect to Defendant Equifax, Inc. only is discharged.

These findings and recommendations will be submitted to the United States District Judge assigned to this case pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within **fourteen (14)** days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015).

IT IS SO ORDERED.

Dated: **June 22, 2017**                    /s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE