UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE PURNELL,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX, INC. and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | No. 1:17-cv-00393-DAD-EPG<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT<br><br>(Doc. No. 26) |

Pending before the court is plaintiff Georgette Purnell's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) which was filed with this court on February 7, 2020. (Doc. No. 26.) Therein, plaintiff seeks to vacate the undersigned's August 25, 2017 order adopting in full the assigned magistrate judge's June 23, 2017 findings and recommendations recommending dismissal of this action without prejudice due to plaintiff's failure to comply with a court order and her failure to prosecute this action. (*Id.* at 1–4; *see also* Doc. Nos. 23, 24, 25.) Plaintiff bases her motion for relief from judgment, filed almost two and one half years after the judgment was issued, upon her assertion that she was not able to effectively prosecute this now-closed action "due to severe mental illness." (Doc. No. 26 at 2.) Plaintiff has attached to the pending motion various documents from 2018 and 2019 that purportedly demonstrate the extent of her mental illness. (*See id.* at Ex. B.) For the reasons set forth below, plaintiff's motion will be denied.

1

Federal Civil Procedure Rule 60(b)(6) provides that "[o]n motion and upon such terms as are just, the court may relieve a party. . . from a final judgment, order, or proceeding for . . . any [] reason justifying relief from the operation of the judgment." Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

Plaintiff focuses her arguments on subsection (6) of Rule 60(b), which permits relief from judgment for "any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under this provision "will not be granted unless the moving party is able to show both injury and circumstances beyond its control prevented timely action to protect its interest." *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009). Here, plaintiff contends that her severe mental illness prevented her from effectively prosecuting this action, and she points the court to various documents from 2018 and 2019 that purportedly help establish the extent of that mental illness. (*See* Doc. No. 26, Ex. B.) Accepting the assertion that mental illness is a basis upon which the court could grant the requested relief, plaintiff here has provided the court with no evidence establishing that she was severely mentally ill in the summer of 2017, when the court dismissed this action, or during any other time while this case was open and pending. (*See* Doc. Nos. 23, 24, 25.) Even if the court was to find that the documents relating to 2018 and 2019 establish that plaintiff suffers from a mental illness, those documents do not establish that plaintiff was suffering from such an illness or was otherwise incapacitated while this action was pending in

2017.  Plaintiff has therefore not presented any reasons justifying the requested relief from judgment.  Moreover, this court's Local Rules require a motion for reconsideration to set forth "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).  Plaintiff has failed to make that required showing.  Finally, the court notes that this action was dismissed *without* prejudice, meaning that plaintiff is free to file another action in which she may allege the same claims against the same defendants, so long as such claims are not otherwise barred.  *See Miljkovic v. Winter*, No. 05-00164 JMS/LEK, 2007 WL 2363312, at *3 (D. Haw. Aug. 16, 2007) ("Plaintiff is informed that his complaint has been dismissed without prejudice; as such, he may refile the complaint.  The court is not implying that the complaint is meritorious . . ., but merely points out that Plaintiff may refile if he so elects.").

For the foregoing reasons, plaintiff's motion for relief from judgment (Doc. No. 26) is denied.

IT IS SO ORDERED.

Dated: **March 30, 2020**

_____
UNITED STATES DISTRICT JUDGE